ANN CAHILL, Wife of CONWAY, *v.* CATHARINE CONNELLY, Administratrix and Tutrix.

Two lots adjoining each other were sold at public auction according to a figurative plan exhibited at the time, and referred to in the acts of sale which were executed, pursuant to the adjudication ; this plan represented an alleyway running across the rear of both lots—*Held :* That although the sale conveyed the soil of the alley, which was requisite to make out the depth given to the lots in the title, a right of way was established in the alley as a servitude.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*Budd & Lambert* and *E. Bermudez,* for plaintiff.   *M. M. Cohen,* for defendant and appellant.

BUCHANAN, J.   This is a dispute about the right to use an alley in the rear of the two houses owned by plaintiff and defendant respectively, and which front on Julia street, at the corner of Philippa, in the city of New Orleans.   The alley is three feet wide, and runs across the two lots of plaintiff and defendant.   It has a gate opening upon Philippa street.   Both the lots, with the buildings thereupon, belonged to the estate of *Mrs. Bannister,* and were sold at a probate sale of her effects, according to a plan which was exhibited at the public auction, and referred to, as annexed, in the acts of sale executed by a Notary Public, in conformity to the adjudications.   That plan is in evidence, and a number of surveyors, examined in relation to it, have not been found to agree in regard to its indications ; some being of opinion that the alley was intended to be figured as a common alley, while others were of a contrary opinion.

The plaintiff is the owner of the lot which is furthest removed from Philippa street, and is, of course, at the bottom of the alley.   The defendant is bounded laterally by Philippa street, and is, of course, at the entrance of the alley.   The latter has closed up the alley on a prolongation of the line which, upon the plan, divides the two lots ; which line, we have observed, stops, upon the plan, at the alley, and does not cross it.

It appears to us that, as was remarked by one of the witnesses, the depth given to the two lots in the titles, is conclusive of the question before us.   That depth is the same in both cases, namely, sixty-five feet seven inches.   But that depth cannot be had, without including, for both lots, the middle of the alley, which is three feet.   Both titles, then, conveyed the soil of the alley ; and the reference in the titles to the figurative *plan of Dunbar,* which depicted the said space of three feet, as a passage of communication from lot number two (plaintiff's lot) to Philippa street, constitutes a title to a servitude or right of way to Philippa street, in favor of lot number two.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

VOORHIES, J., absent.